UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **DENNIS WAYNE BRYANT** | **CIVIL ACTION NO.: 5:17-cv-1645** |
| **VERSUS** | **JUDGE ELIZABETH ERNY FOOTE** |
| **RED RIVER ENTERTAINMENT OF SHREVEPORT, LLC d/b/a Sam's Town Shreveport** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM RULING**

Defendant Red River Entertainment of Shreveport, LLC d/b/a Sam's Town Shreveport ("Sam's Town") has moved to dismiss the sexual harassment, hostile work environment, and retaliation claims of Dennis Wayne Bryant ("Bryant"). Because the Court concludes that Bryant's sexual harassment claims are unexhausted and that his hostile work environment and retaliation claims are not actionable under Title VII, Sam's Town's motion to dismiss [Record Document 13] is **GRANTED**. Bryant's sexual harassment claim is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust. His remaining claims are **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief can be granted.

I. <u>Background</u>

Bryant was a maintenance technician for Sam's Town where Donna Johnson ("Johnson") was his primary supervisor. [Record Document 1 at 4]. During their initial meeting, Johnson allegedly instructed Bryant not to "let his man down below think for him," a comment that she allegedly repeated regularly during his term of employment. [*Id.*]. Bryant alleges that Johnson was

1

a very difficult supervisor who assigned unpleasant tasks to employees with whom she was angry and who demanded near-instantaneous responses to her requests. [*Id.* at 4–5]. As a result of her abusive management style, many employees allegedly quit or transferred to different divisions of Sam's Town. [*Id.* at 5]. To escape what he characterizes as "workplace bullying," Bryant prepared a letter of resignation. [*Id.*]. Sam's Town management, rather than lose Bryant, convinced him to accept a part-time schedule, something that allegedly angered Johnson. [*Id.*].

In December 2016, another supervisor allegedly spoke with Johnson and requested that Bryant work some additional hours on the supervisor's shift. [*Id.* at 6]. In reaction, Johnson allegedly threatened Bryant with disciplinary action, criticized him publicly over an internal radio broadcast, wrote him up for a disciplinary infraction rather than giving him a first warning, and ordered him not to get anything to drink for two hours. [*Id.* at 6–8]. Feeling that he was being treated unfairly and that Johnson would continue her campaign of "retaliation," Bryant submitted a letter of resignation around December 19, 2016. [*Id.* at 8]. After unsuccessfully applying for unemployment benefits, he initiated administrative proceedings before the Equal Employment Opportunity Commission ("EEOC"). [Record Documents 1 at 8 and 1-2 at 2]. The EEOC determined that the results of its investigation did not establish any violation of federal anti-discrimination law and issued a right-to-sue letter. [Record Document 1-2 at 1]. After Bryant timely filed suit, Sam's Town moved to dismiss. [Record Documents 1 and 13]. The parties have filed an opposition and a reply, rendering the motion ripe for adjudication. [Record Documents 15–16].

II. <u>Law and Analyis</u>

    A.     <u>Standard of Review</u>

In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In determining whether the plaintiff has stated a plausible claim, the court must construe the complaint in the light most favorable to her, *see In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010), and accept as true all well-pleaded factual allegations, *see Twombly*, 550 U.S. at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, the Court does not have to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Sols, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

    B.     <u>Bryant's Claims</u>

Because Bryant has filed his complaint pro se, the Court will construe his complaint liberally. *See EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). He divides his complaint into four claims. The first, "Hostile Work Environment/Verbal Sexual Harassment," describes Johnson's regular instruction to Bryant not to "let his man down below think for him." [Record

3

Document 1 at 3–4]. The second, "Hostile Work Environment/Abusive Supervision/Workplace Bullying," concerns Johnson's allegedly abusive management style. [*Id.* at 4–5]. Bryant entitles his third cause of action "Hostile Environment," but describes how he acquired his part-time schedule. [*Id.* at 5]. Finally, the section entitled "Retaliation" relates to Johnson's conduct after the other supervisor requested that Bryant work two extra hours. [*Id.* at 6–8].

### C.   Hostile Work Environment and Retaliation Claims

Bryant's second, third, and fourth claims allege facts that suggest a deeply unpleasant workplace environment. [*Id.* at 4–8]. Sam's Town argues that Bryant did not allege an unlawful motivation for Johnson's behavior and failed to identify any protected activity for which she retaliated. [Record Documents 13-1 at 15–18 and 16 at 1–2]. Bryant merely reiterates his complaint's allegations regarding Johnson's sexually-charged comment and her abusive behavior. [Record Document 15 at 5–9].

Title VII is not a "general civility code for the American workplace." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). To demonstrate that sexual harassment creates a hostile work environment, a Title VII plaintiff must ultimately show: "(1) that the employee belongs to a protected class; (2) that the employee was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; and (4) that the harassment affected a 'term, condition, or privilege' of employment." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 330 (5th Cir. 2009) (quoting *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 163 (5th Cir. 2007)). Here, Bryant's second and third causes of action amply allege that Johnson engaged in

4

harassment by "blow[ing] up in fits of rage," refusing to listen to employees' concerns, and "assign[ing] harsher work assignments if she became upset with employees." [Record Document 1 at 4–5]. However, Bryant has not alleged that this harassment was sexual in nature or that it was done <u>because</u> he is male. In fact, he alleges that Johnson directed harassment at her co-workers indiscriminately. [*Id.* at 4]. Therefore, the Court holds that Bryant has failed to state a hostile work environment claim in his second and third causes of action.

In his fourth cause of action, Bryant clearly alleges a campaign of retaliation by Johnson who reacted to his new part-time schedule and the other supervisor's request that Bryant work two additional hours by allegedly imposing restrictive rules and unfair discipline. [*Id.* at 6–7]. Although her conduct is retaliatory in the colloquial sense, Title VII provides a cause of action for retaliation only when an employer retaliates in response to "protected activity." *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016) (citing 42 U.S.C. § 2000e–3(a) (2012)). "Protected activity" consists of opposition to violations of Title VII and participation in a Title VII investigation or proceeding. 42 U.S.C. § 2000e–3(a). Bryant's part-time schedule and proposed extra work for the other supervisor are not "protected activity" as defined by Title VII. Therefore, the Court holds that Bryant has failed to state a claim for retaliation.

D.  <u>Sexual Harassment</u>

Bryant's alleges that Johnson sexually harassed him by regularly instructing him to "not let his man down below think for him." [Record Document 1 at 4]. Sam's Town argues that Bryant failed to exhaust this claim through the administrative process and that Johnson's alleged comments were not pervasive enough to make out a Title VII claim. [Record Documents 13-1

5

at 7–15 and 16 at 2–5]. In response, Bryant reiterates his contention that Johnson's references to his "man down below" constituted "harassment, based on Plaintiff's sex." [Record Document 15 at 4]. Though he explains that his EEOC charge and suit were timely, he fails to contend with Sam's Town's exhaustion argument. [*Id.* at 3].

In order to maintain a civil suit against an employer for violations of Title VII, an employee must first exhaust her administrative remedies before the EEOC. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (citing *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)). Because the EEOC investigates on the basis of the employee's charge, the only allegations upon which a plaintiff may properly sue are those that "can reasonably be expected to grow out of the charge of discrimination." *Id.* (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970)). "[T]he 'primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in [an] attempt to achieve non-judicial resolution of employment discrimination claims.'" *Id.* (quoting *Pacheco*, 448 F.3d at 788–89). This purpose is served only if the factual allegations in the EEOC charge "put an employer on notice of the existence and nature of the charges against him." *Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 272–73 (5th Cir. 2013) (citing *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003)). Hence, the allegations in the complaint must be "like or related to allegation[s] contained in the [EEOC] charge." *McClain*, 519 F.3d at 273 (citing *Sanchez*, 431 F.2d at 466). To determine whether the complaint's allegations were properly exhausted, courts engage in a "fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Pacheco*, 448 F.3d at

6

788–89.

>Bryant's EEOC charge alleges:
>
>I began my employment with Boyd Gaming/Sam's Town Casino on September 19, 2015, most recently as a Maintenance Technician earning $11.00 per hour. In December 2016, I was subjected to a hostile attitude with several threats and talked down to by Donna Johnson, Supervisor. On December 11, 2016, I was asked by another supervisor if I could stay over for two hours after my current shift. On December 14, 2016, when I arrived at work the negative reaction I anticipated from Ms. Johnson became a reality. In December 2016, Ms. Johnson retaliated against me by not allowing me to drink water for two hours. I was constructively discharged on December 21, 2016. The company employs over 100 persons.
>
>No reason was given for the action taken against me.
>
>I believe I have been discriminated against because of my sex, Male, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

[Record Document 1-2 at 2]. Beside the boxes on the charge form indicating that he was alleging discrimination on the basis of sex and retaliation are handwritten notes: "sexual harassment" and "hostile work environment." [*Id.*]. The charge alleges that the discrimination occurred between December 11, 2016 and December 21, 2016; the available box for continuing discriminatory action is not checked. [*Id.*]. The factual allegations in Bryant's complaint do not include Johnson's instructions to Bryant not to "let his man down below think for him." [*Id.*].

Although the handwritten note of "sexual harassment" could arguably give rise to an investigation that would uncover this sexually-charged comment, the Fifth Circuit has instructed lower courts to concentrate upon the facts alleged and where they tend to lead. *McClain*, 519 F.3d at 273 (citing *Sanchez*, 431 F.2d at 466). Here, not only did the EEOC charge not allege any facts related to sexual harassment, the charge specified that it concerned only a ten-day period

at the end of Bryant's employment with Sam's Town. [Record Document 1-2 at 2]. By omitting facts that plausibly suggest <u>sexual</u> harassment, Bryant's EEOC charge could neither appropriately notify Sam's Town of his allegations nor trigger investigation of Johnson's alleged sexual harassment. Accordingly, the Court finds that Bryant did not exhaust his sexual harassment claims.

### III. Conclusion

In light of the foregoing, Sam's Town's motion to dismiss [Record Document 13] is **GRANTED**. Bryant's claim that Johnson's alleged sexual harassment created a hostile work environment is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust. His remaining claims are **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief can be granted.

A judgment consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 17th day of MAY 2018.

```
_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE
```